The STATE of Ohio, Appellee,

v.

CARMACK, Appellant.

[Cite as *State v. Carmack* (1989), 61 Ohio App.3d 351.]

Court of Appeals of Ohio,
Hamilton County.

No. C–880107.

Decided March 15, 1989.

352

*Arthur M. Ney, Jr.,* prosecuting attorney, *Christian J. Schaefer* and *Seth Tieger,* for appellee.

*H. Fred Hoefle,* for appellant.

*Per Curiam.*

Defendant-appellant, Rodney Carmack, was charged in a four-count indictment with three counts of rape and one count of gross sexual imposition. The charges were tried to a jury which found the defendant guilty as charged. The trial court sentenced the defendant to consecutive terms of ten to fifteen years on the rape charges but declined to impose sentence on the charge of gross sexual imposition upon its determination that the offense of gross sexual imposition as charged in the indictment was allied and of similar import to the rape charges. From the judgment of conviction entered below, the defendant has taken the instant appeal in which he advances six assignments of error.

The evidence adduced at trial discloses that on April 20, 1987, the defendant, the victim and a female acquaintance of the victim spent the evening at the defendant's apartment. At approximately 10:30 p.m., they left the apartment in the defendant's car and drove the victim's friend home. The defendant then drove to a park, stopped the car, and proceeded to make advances toward the victim. When the victim resisted, the defendant slapped her, threatened her with a knife, and forced her to engage in cunnilingus and vaginal intercourse. The defendant then returned with the victim to his apartment, where he had her sign a document captioned "Safety First Guarantee," which, in essence, "certifi[ed]" that the victim's sexual conduct with the defendant was consensual. Subsequent to the execution of this document, the defendant compelled the victim to engage in two additional acts of vaginal intercourse. The defendant then drove the victim home, and she reported the incident to the police.

In his first assignment of error, the defendant challenges the entry of judgment of conviction on count two of the indictment when the verdict form for count two was signed by only eleven of the twelve jurors. This challenge is feckless.

Crim.R. 31, which governs the return and acceptance of jury verdicts in a criminal case, provides in relevant part:

"(A) Return. The verdict shall be unanimous. It shall be in writing, signed by all jurors concurring therein, and returned by the jury to the judge in open court.

" * * *

"(D) Poll of Jury. When a verdict is returned and before it is accepted the jury shall be polled at the request of any party or upon the court's own motion. If upon the poll there is not unanimous concurrence, the jury may be directed to retire for further deliberation or may be discharged."

R.C. 2945.171 and 2945.77 provide similar requirements.

R.C. 2945.171 provides:

"In all criminal cases the verdict of the jury shall be in writing and signed by each of the jurors concurring therein."

R.C. 2945.77 reads:

"When the jurors agree upon their verdict, they must be conducted into court by the officer having them in charge.

"Before the verdict is accepted, the jury may be polled at the request of either the prosecuting attorney or the defendant. If one of the jurors upon being polled declare [sic] that said verdict is not his verdict, the jury must further deliberate upon the case."

Thus, by statute and procedural rule, a jury verdict in a criminal case is required to be unanimous and in writing. However, if either the prosecutor or the defendant calls for a poll of the jury, the trial court may not accept the verdict unless the verdict reflected in the written verdict form is confirmed in open court.[1]

The verdict form for count two, which reflected the jury's finding of guilty on the charge of forced vaginal intercourse, was signed by only eleven of the twelve jurors. When the verdict forms were returned, the court polled the jurors upon the request of defense counsel. Defense counsel thereafter offered no objection to any perceived deficiencies in the verdict or in the verdict form. In the absence of a timely objection, the error of which the defendant now complains is waived unless it rises to the level of plain error. *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364.

---

1. In *Dayton v. Allen* (1959), 94 Ohio Law Abs. 129, 27 O.O.2d 179, 200 N.E.2d 356, the Court of Common Pleas of Montgomery County noted that in Ohio, until the early nineteenth century, jury verdicts were often delivered orally by the jury foreman and received by the trial judge in open court in the presence of the jury and the defendant and that the practice of polling the jury operated to guarantee the unanimity of the verdict at the time that it was delivered to the court. The court in *Allen* acknowledged that, since 1869, the code of criminal procedure has required that verdicts in criminal cases be in writing, but the court found, with reference to R.C. 2945.77, that:

"The earlier concept that the verdict consists of that expression of the will of the jury announced in open court at the time the oral or written verdict is delivered to the court by the jury has continued to prevail, and today it is still true that the written verdict executed by the jury only becomes the verdict of the jury if and when it is affirmed or confirmed in open court by the jury as a group upon general inquiry by the Clerk, or by the individual members thereof, if polled, in the presence of the parties to the proceeding, and particularly in the presence of the defendant in a criminal case." *Id.* at 142, 27 O.O.2d at 186, 200 N.E.2d at 364.

The requirement imposed under Crim.R. 31(A) and R.C. 2945.171 that a jury verdict in a criminal case be in writing is procedural rather than substantive.[2] The trial court's acceptance of the guilty verdict on count two after the jury was polled assured the jury's unanimity. Therefore, we are unable to conclude that the entry of judgment of conviction on count two upon the technically defective verdict form constituted fundamental error of such magnitude as to affect either a substantial right of the defendant, see Crim.R. 52(B), or "the fairness, integrity or public reputation of the judicial proceedings." *State v. Craft* (1977), 52 Ohio App.2d 1, 7, 6 O.O.3d 1, 4, 367 N.E.2d 1221, 1226. Accordingly, we overrule the defendant's first assignment of error.

 In his second and third assignments of error, the defendant challenges the entry of judgment of conviction on counts two and three. Underlying his separate remonstrations is his perception of counts two and three, each of which charges forced vaginal intercourse, as insufficiently specific as to the incident charged in each count and, thus, multiplicitous. The defendant contends in his second assignment of error that the lack of unanimity on count two rendered the verdict on count three unreliable. In his third assignment of error, he contends that the verdicts on counts two and three were unreliable when the victim testified to three incidents of vaginal intercourse and he was charged with only two counts of vaginal rape. We find neither contention meritorious.

Our determination in response to the defendant's first assignment of error, that the unanimity of the jury's guilty verdict on count two was assured by the jury poll, is dispositive of the defendant's contention in his second assignment of error that the lack of unanimity on the verdict on count two undermines the verdict on count three. Therefore, we overrule the second assignment of error.

The challenge presented by the defendant in his third assignment of error, to the reliability of the verdicts on counts two and three when the victim alleged three incidents of vaginal intercourse and he was charged with only two, is equally untenable. As we noted *supra*, the victim testified that the defendant compelled her to engage in a single act of cunnilingus and a single act of vaginal intercourse in his car and two acts of vaginal intercourse when they returned to his apartment. Under our decision in *State v. Elyel* (Mar. 21, 1984), Hamilton App. No. C–830430, unreported, 1984 WL 14107, the two acts of vaginal intercourse that occurred in the defendant's apartment constituted allied offenses of similar import, subject under R.C. 2941.25 to only one

---

2. To hold otherwise would be tantamount to making literacy a requirement for jury service.

conviction. Any confusion in the minds of the jurors as to the distinction between vaginal rape as charged in count two and vaginal rape as charged in count three was dissipated by the court's instruction to the jury that the conduct charged in count one (rape-cunnilingus) and count two (rape-vaginal intercourse) was alleged to have occurred in the defendant's car and that the conduct charged in count three (rape-vaginal intercourse) was alleged to have occurred in the defendant's apartment. Thus, perceiving no prejudice to the defendant, we overrule the third assignment of error.

■ The defendant in his fourth and fifth assignments of error challenges the sufficiency of the evidence adduced at trial and the balance struck by the jury in weighing the evidence. Neither challenge is well-taken.

Upon review of the evidence presented below, we find that reasonable minds could have reached different conclusions as to whether each element of the offenses charged had been proven beyond a reasonable doubt. See *State v. Thomas* (1982), 70 Ohio St.2d 79, 24 O.O.3d 150, 434 N.E.2d 1356. With respect to the defendant's challenge to the weight of the evidence, we find nothing in the record of the proceedings below to suggest that the jury, in resolving the conflicts in the evidence, lost its way or created such a manifest miscarriage of justice as to warrant the reversal of the defendant's conviction. See *Tibbs v. Florida* (1982), 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652; *State v. Martin* (1983), 20 Ohio App.3d 172, 20 OBR 215, 485 N.E.2d 717. We, therefore, overrule the defendant's fourth and fifth assignments of error.

■ In his sixth and final assignment of error, the defendant contends that he was denied the effective assistance of counsel when his trial counsel failed to object to the defects in the indictment and the verdicts. We find no merit to this contention.

In light of our disposition of the first, second and third assignments of error, we find that the defendant has failed to demonstrate that the challenged omissions constituted error so serious that defense counsel was not functioning as the "counsel" guaranteed under the Sixth Amendment. See *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Thompson* (1987), 33 Ohio St.3d 1, 514 N.E.2d 407. We, therefore, overrule the defendant's final assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

SHANNON, P.J., KLUSMEIER and HILDEBRANDT, JJ., concur.